IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY E. SHEPHARD,

    Plaintiff,

v.

WILCO MANAGEMENT INC. D/B/A
WILCO MANAGEMENT LAND
DEVELOPMENT, a Florida profit
corporation, SABRINA S. ARCE,
individually, and CHRISTIAN ADEL
ALBA, individually,

    Defendants.

Case No. 2:25-cv-00046

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARY E. SHEPHARD ("Plaintiff" or "Shephard") sues Defendants,

WILCO MANAGEMENT INC. D/B/A WILCO MANAGEMENT LAND

DEVELOPMENT, ("Wilco"), SABRINA S. ARCE, individually ("Arce"), and

CHRISTIAN ADEL ALBA ("Alba") (herein collectively "Defendants"), and states

as follows:

### CAUSES OF ACTION

1.     This is an action brought under the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C.§ 201, et. seq. (FLSA) and Florida common law.

### PARTIES

2.     Plaintiff is an individual who currently resides in Hendry County,

Florida.

3.  Defendant Wilco is a Florida profit corporation with its principal place of business located in Charlotte County, Florida

4.  Defendant Arce is an individual who resides in Lee County, Florida.

5.  Defendant Alba is an individual who resides in Lee County, Florida.

## JURISDICTION AND VENUE

6.  Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act.  Jurisdiction over the state law claims set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7.  Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Hendry County. Florida.

8.  Venue is proper in the Fort Myers Division because the action accrued in Hendry County over which the Fort Myers Division has jurisdiction.

9.  All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

## GENERAL ALLEGATIONS

10.  Defendant Wilco is in the business of construction and land development.

11.  Defendants Arce and Alba are owners and/or managers of Defendant Wilco.

12.     Plaintiff was formerly employed by Defendant as a Chief Administrative Officer from July 22, 2024 through August 31, 2024.

## FLSA Coverage

13.     At all times material hereto, Defendant Wilco was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

14.     At all times relevant, Defendant Wilco had annual gross revenues of at least $500,000.00.

15.     At all times relevant, Defendant Wilco employed two or more individuals who, in the course and scope of their employment, handled items that were manufactured outside of the state and moved through interstate commerce.

16.     At all times material hereto, Defendants Arce and Alba were each an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

17.     Defendants Arce and Alba exercised complete dominion and control over employee wages, hours, and working conditions including those of Plaintiff.

18.     Defendants Arce and Alba devised and implemented all employee pay policies of the company including those directly affecting Plaintiff.

19.     At all times material hereto, Plaintiff was an FLSA non-exempt employee entitled to payment of at least the federal minimum wage for all regular hours worked.

### Terms and Conditions of Employment

20.    Defendants promised to pay Plaintiff an annual salary of $47,840.00.

21.    Plaintiff's job duties included answering calls from customers, scheduling and general administrative duties.

### Failure to Pay Promised Compensation

22.    For one or more workweeks, Defendants failed to pay Plaintiff the promised compensation in full despite Plaintiff satisfying all conditions precedent to receiving the promised compensation.

23.    More specifically, Defendants have failed to pay Plaintiff for her final two weeks of work ending August 31, 2024.

### Failure to Pay Federal Minimum Wages

24.    By failing to pay Plaintiff wages of any kind for the final two weeks of her employment, Defendants failed to pay Plaintiff at least the federal minimum wage for all regular hours worked.

25.    Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

### COUNT I
*(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08- Against Defendant Wilco)*

26.    Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 25.

27.    Plaintiff performed all conditions precedent to receipt of the promised salary.

28. Defendant Wilco's failure to pay Plaintiff her earned salary in full constitutes a breach of a contract.

29. Defendant Wilco's breach has damaged Plaintiff by denying her full compensation for the work performed.

30. Because the unpaid compensation constitutes wages, Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant Wilco for her unpaid salary plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT II
### (Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206- Against All Defendants)

31. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 25.

32. The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

33. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each regular hour worked in a workweek.

34. For multiple workweeks, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

35.     Defendants owe Plaintiff unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

36.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 20th day of January 2025.          Respectfully submitted,

s/ R. Michael Pierro, Jr.
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*
**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com