UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MARY E. SHEPHARD**,
    Plaintiff,

v.                                                                                          2:25-cv-46-JES-NPM

**WILCO MANAGEMENT INC.**, *et al.*,
    Defendants.

## ORDER

This is an action for unpaid wages brought by plaintiff Mary Shephard against defendants Wilco Management Inc., Sabrina Arce, and Christian Alba. Wilco is a Florida corporation, and Arce and Alba allegedly reside here. Serving the defendants with process has not been simple, and Shephard seeks permission to serve Arce and Alba via the Florida Secretary of State.

Shephard alleges that she worked for about six weeks at Wilco during the summer of 2024, and that it remains engaged in construction and land development with a principal place of business in Charlotte County. But she also asserts that Wilco is an administratively dissolved corporation and that the mailing addresses for Wilco and its registered agent are pack-and-ship stores with mailbox services. Consequently, she served Wilco with process through the Florida Secretary of State (Doc. 10).

As for Arce and Alba, Shephard's counsel and process server have yet to locate them. They have identified and visited various addresses purportedly associated with Arce or Alba, but these locations turned out to be pack-and-ship stores, a virtual office, or residences at which they did not live. Various business managers and tenants encountered during these visits either confirmed that Arce and Alba did not reside at the location or were unknown. From this, Shepard infers that Arce and Alba are "undoubtedly concealing their whereabouts." (Doc. 17 at 9). We are not convinced.

Shephard has failed to demonstrate that Arce and Alba are *purposely* evading service. *See United States v. Faro*, No. 2:20-cv-769-JLB-NPM, 2022 WL 111229, *1-2 (M.D. Fla. Jan. 12, 2022) (evidence that process servers visited defendant's residence and places of business fifteen times over three months was insufficient, standing alone, to show that defendant was evading service). There is no indication that Shephard has attempted to identify and interview current or former business associates of Arce and Alba or members of their families, or that she has engaged a private investigator or contacted law enforcement to determine their whereabouts. *See Robb v. Picarelli*, 319 So. 2d 645, 647 (Fla. 3d DCA 1975) (finding plaintiff had adequately demonstrated concealment after checking online databases, using private detectives, contacting the defendant's family members, and making inquiries with various police departments).

Plus, it is not as if Shephard must put the service papers into Arce's or Alba's hands. For either of them, process may be given to a cohabitant of suitable age and discretion at the place of residence, or a process server who encounters either Arce or Alba and conveys the purpose of the contact may—if they refuse receipt—leave the papers at a doorstep, under the windshield wiper of an appropriate vehicle, or in another suitable place as circumstances warrant. *See United States v. Faro*, No. 2:20-cv-769-JLB-NPM, 2022 WL 20815060, *3 (M.D. Fla. July 11, 2022) (leaving process with a receptionist for the condominium association sufficient when the defendant refused receipt and walked into the condominium complex instead). The record to date suggests that nothing extraordinary stands in the way of Shephard effecting service as to Arce and Alba. Accordingly, her motion to serve them with process by alternative means (Doc. 17) is **denied without prejudice.** Shephard must file either returns of executed service or waivers of service as to defendants Arce and Alba by **November 28, 2025**.

                        **ORDERED** on September 24, 2025

                        NICHOLAS P. MIZELL
                        United States Magistrate Judge